# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 22 CR 140 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| KEVIN DIXON. | ) |

## ORDER

During a car chase, Kevin Dixon, a convicted felon, fired multiple shots at a car before crashing his vehicle. Upon arresting Dixon, police discovered a Glock firearm with a switch that converts the firearm into a machine gun. Dixon was indicted with two charges, including unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Court previously denied Dixon's motion to dismiss his indictment under *New York State Rifle & Pistol Association, Inc. v. Bruen*. (Dkt. 76). He now files a supplemental motion to dismiss his § 922(g)(1) charge in light of recent developments in the Third and Seventh Circuit. (Dkt. 120). For the following reasons, Dixon's supplemental motion to dismiss [120] is denied.[1]

## BACKGROUND

The Court assumes familiarity with the facts behind Dixon's case from past orders. (*See, e.g.*, Dkts. 76, 108). In sum, on June 6, 2021, Dixon, in his Dodge Charger, struck another car and proceeded to flee the scene. (Dkt. 124 at 1). The other car's driver, Victim 1, pursued Dixon and attempted to block his escape path. (*Id.* at 2). Dixon shot at Victim 1 with an automatic firearm and sped away. (*Id.*) Moments later, Dixon crashed his Dodge Charger at a busy intersection and fled from the crash site on foot. (*Id.*) Police arrived at the scene and found a modified Glock firearm with automatic firing next to the Charger. (*Id.*) Since Dixon has prior felony convictions of reckless homicide and mob action, (Dkt. 61 at 3), he was indicted with knowingly possessing a machinegun, in violation of 18 U.S.C. § 922(o)(1), and knowingly possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), (Dkt. 1).

On December 1, 2022, Dixon moved to dismiss both charges, arguing that §§ 922(o)(1) and (g)(1) are unconstitutional under the Supreme Court's decision in *New York Rifle & Pistol Association v. Bruen*. (Dkt. 56). The Court denied the motion, stating that *Bruen* reaffirms the principles that the Second Amendment does not extend to dangerous and unusual weapons, like a machinegun, and does not protect dangerous felons, like Dixon. (*See* Dkt. 76). In June 2023, the Seventh Circuit issued *Atkinson v. Garland*, which opined on § 922(g)(1)'s constitutionality as applied to a plaintiff previously convicted of felony mail fraud. 70 F.4th 1018 (7th Cir. 2023). The Seventh Circuit remanded the case to allow the district court to undertake *Bruen*'s text and history test. *Id.* at 1020. In the same month, the Third Circuit, on rehearing *en banc*, vacated an earlier

---
[1] Dixon has not filed a reply motion in support of his supplemental motion to dismiss.

1

decision and held that § 922(g)(1) was unconstitutional as applied to a non-violent felon. *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023). The Southern District of Mississippi issued a similar opinion, finding the felon-in-possession law unconstitutional as applied to the defendant. *United States v. Bullock*, 2023 WL 4232309 (S.D. Miss. June 28, 2023).

## LEGAL STANDARD

Although Dixon titled his motion as seeking dismissal, his request is better framed as a motion for this Court to reconsider its previous ruling in light of new legal developments. A party in a criminal prosecution may move the Court to reconsider a pretrial ruling based on a factual or legal error. *United States v. Rollins*, 607 F.3d 500, 502–03 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 77–80 (1964)) (holding that common-law practice of motion to reconsider allows district judges to correct oversights and errors); *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam) (opportunity applies "whether the issue presented . . . is termed one of fact or of law")).

## DISCUSSION

Dixon argues that since the Court denied his motion to dismiss in March 2023, there have been several legal developments that weigh in favor of dismissing his § 922(g)(1) charge. First, the Seventh Circuit in *Atkinson* held that the government's historical analysis fell "well short of *Bruen*'s demands" when examining the constitutionality of § 922(g)(1) and remanded the case for further review. 70 F.4th at 1022. Since *Atkinson*, several courts in this Circuit have held that the statute is unconstitutional. *See, e.g.*, *United States v. Prince*, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023). Second, the Third Circuit in *Range v. Attorney General United States* and the Southern District of Mississippi in *United States v. Bullock* found § 922(g)(1) unconstitutional as applied to their respective defendants. Dixon urges this Court to consider these legal developments and rule in a similar way. But what proves fatal to Dixon's argument is that none of his cited cases are binding on this Court. Absent binding authority that says otherwise, the Court is not convinced that it has committed a legal error and reaffirms its prior ruling that § 922(g)(1) is constitutional.

To start, nothing within *Atkinson* states whether § 922(g)(1) is constitutional on its face or as applied to Atkinson. Rather, it only instructed the district court and the parties to engage in "proper, fulsome analysis of the historical tradition supporting § 922(g)(1)," as required under *Bruen*. *Atkinson*, 70 F.4th at 1022. Applying *Atkinson*, a court in this District held that § 922(g)(1) was unconstitutional because: (1) "the people" in the Second Amendment included convicted felons and (2) the Government failed to show an analogous historical firearm regulation. *See United States v. Prince*, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023). But *Prince* and its progeny are not binding authorities and do not determine whether this Court committed a legal error. At best, it only shows that reasonable minds have disagreed on this legal question, with *Prince*'s position in the minority. *See, e.g., United States v. Ball*, 2023 WL 8433981, at *5 (N.D. Ill. Dec. 5, 2023) (noting that most of the district courts in this Circuit have held § 922(g)(1) as constitutional).

The Court restates its prior holding that "[t]he 'people' of the Second Amendment are not dangerous felons." (Dkt. 76 at 7). The Supreme Court, in three separate cases involving gun rights,

have consistently concluded that the right to bear arms extends to "law-abiding citizens." *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1, 71 (2022) (holding that the New York firearm statute "violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms"); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.'" (quoting *D.C. v. Heller*, 554 U.S. 570 626 (2008)); *Heller*, 554 U.S. at 625 (declaring that the Second Amendment "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home"). While some courts have dismissed such language as dicta, this Court is unconvinced that it can ignore the Supreme Court's continuous reaffirmations.

Next, Dixon points to *Prince*'s language where the court found that the Government failed to prove that § 922(g)(1) imposes a comparable burden on the right to bear arms because the statute permanently prohibits firearm possession. *Prince*, 2023 WL 7220127, at *8. Again, *Prince* only shows that reasonable minds can, and have, disagreed on how to approach *Bruen*'s historical traditions analysis. While *Bruen* cautioned courts not to "uphold every modern law that remotely resembles a historical analogue," it made clear that "analogical reasoning requires only that the Government identify a well-established and representative historical analogue, not a historical twin." *Bruen*, 597 U.S. at 30. Looking to English and American traditions, governments have routinely dispossessed individuals engaged in sedition and insurrection and "free, Christian, white men" "whom the authorities believed could not be trusted to obey the law." *United States v. Hardy*, 2023 WL 6795591, at *5 (N.D. Ill. Oct. 13, 2023). While *Prince* counters that those individuals deemed untrustworthy can regain their right to bear arms through loyalty oaths, "'a felon today [may] regain his right to possess firearms even after that right has been restricted under § 922(g)(1), specifically through expungement or pardon.'" *United States v. Calhoun*, 2024 WL 36977, at *11 (N.D. Ill. Jan. 3, 2024) (quoting *United States v. King*, 2023 WL 7936754, at *1 (N.D. Ill. Nov. 17, 2023)); *see also Atkinson*, 70 F.4th at 1026, 1035 n.3 (Wood, J., dissenting) (noting that under 18 U.S.C. § 921(a)(20), convictions that have been expunged or pardoned do not count for § 922(g)(1) purposes and "relief from disability is possible through executive clemency"). "The statutory scheme also leaves open the possibility for felons to seek administrative relief and regain their right to bear arms." *United States v. Vaughns*, 2023 WL 8258575, at *7 (N.D. Ill. Nov. 29, 2023) (citing 18 U.S.C. § 925(c)). Therefore, the Government has met its burden of demonstrating that § 922(g)(1) "is consistent with the Nation's historical tradition of firearm regulation" and "is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 579 U.S. at 19, 24.[2]

Dixon additionally argues that § 922(g)(1) is unconstitutional as applied to people who have not demonstrated a "risk of violence." *United States v. Griffin*, 2023 WL 8281564, at *9 (N.D. Ill. Nov. 30, 2023). He states that his reckless homicide conviction involved his friend ejected from a car during a crash and his mob action conviction arose in prison—neither showing a risk of violence. First, the Seventh Circuit stated if a defendant calls for a distinction between

---

[2] Dixon argues that the Government has failed to provide "distinctly similar historical regulation" to § 922(g)(1), thus dooming the Government's historical analogues. But the absence of "distinctly similar historical regulation" is merely "relevant evidence" of unconstitutionality, not dispositive evidence. *United States v. Jackson*, 2023 WL 8601498, at *8 (N.D. Ill. Dec. 12, 2023) (citing *Bruen*, 597 U.S. at 26).

3

violent and non-violent crimes under § 922(g)(1), the defendant must present historical evidence to justify a different outcome. *Atkinson*, 70 F.4th at 1024. Dixon, however, has not pointed to a historical basis for such individualized assessments and the historical evidence suggests that violent and non-violent felons were targeted for firearm dispossession. *See Hardy*, 2023 WL 6795591, at *6. Second, even taking Dixon's position as true, the Court is skeptical that his prior convictions do not show a risk of violence. While the Court could be understanding of the reckless homicide conviction, mob action is the knowing or reckless use of force or violence that disturbs public peace. 720 ILCS 5/25-1. Where Dixon committed the mob action is hardly the operative question to determine whether he exhibits a risk of violence.

Finding little support within this Circuit, Dixon looks elsewhere, pointing to the Third Circuit's *Range* and the Southern District of Mississippi's *United States v. Bullock*. They are similarly as unpersuasive as *Prince*—neither case serves as binding authority on this Court, and both are distinguishable from the present case. With *Range*, the Third Circuit crafted a narrow holding that § 922(g)(1) was unconstitutional as applied to Bryan Range, a non-violent felon who was convicted for making a false statement to obtain food stamps. *Range*, 69 F.4th at 98, 106. And in *Bullock*, the court found that the Government failed to meet its burden under *Bruen* based on a "three-and-a-half-page response brief" which only cited caselaw and no historical sources. *Bullock*, 2023 WL 4232309, at *29. Neither scenario is present in Dixon's case.

## CONCLUSION

For the foregoing reason, Dixon's supplemental motion to dismiss [120] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: April 3, 2024