UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KEVIN DIXON ) | 22 CR 140<br><br>Judge Virginia M. Kendall |

## MOTION TO ADMIT MEDICAL RECORDS

Now comes Kevin Dixon, by and through his attorney, Bedi & Singer, LLP, and requests this honorable Court admit at trial Mr. Dixon's medical records under Federal Rule of Evidence 803(6), Federal Rule of Evidence 902(11), and Federal Rule of Evidence 803(4). In support of this motion, Mr. Dixon states the following:

1. The Federal Rules of Evidence allow for Records of a Regularly Conducted Activity to be admitted into evidence as they are self-authenticating under FRE 902(11), and they are an exception to hearsay under FRE 803(6).

2. Under FRE 902(11) records are self authenticating if they "meet[] the requirements of Rule 803(6)(A)-(C)."

3. The requirements under FRE 803(6)(A) - (C) are as follows:

    (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

    (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

    (C) making the record was a regular practice of that activity;

4. Additionally, under FRE 803(6) the following requirements must be met for the documents to be admitted as an exception to the rule against hearsay. Under FRE 803(D) and (E) the records must be:

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

5. The conditions listed in both 902(11) and 803(6) can be met with the medical records Mr. Dixon seeks to admit.

6. First, 803(6)(A) through (D) are met with the "CERTIFICATION OF MEDICAL RECORDS" provided by UI Health when these records were tendered to counsel. This certification indicates that the record are "A true and accurate copy of all records incurred for the above-named patient," "these records were made and kept in the regular course of business at or near the time of the acts, conditions, or events," and "they were may be persons having knowledge of the information set forth in those records." (Ex. A).

7. This certification, signed by the Senior Director of Health Information Management and UI Health, meets FRE 803 (D). Ex. A.

8. Lastly, FRE 803(E) is met, as there is no indication at all that Mr. Dixon's medical records lack any trustworthiness, as they come directly certified from the provider of his medical care.

9. Additionally, all but roughly 12 pages have been previously tendered to the government.

10. Therefore, Mr. Dixon's medical records from UI Health are self-authenticating under FRE 902(11), and they are admissible as an exception to hearsay under FRE 803(6), as they meet each and every requirement under each of these rules.

Respectfully submitted,

/s/Dena M. Singer
Dena M. Singer

Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson Blvd., #1101
Chicago, IL 60604
o: (312) 525 2017
jbedi@bedisinger.com
dsinger@bedisinger.com
**Attorneys for Defendant**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

<u>s/Jonathan S. Bedi</u>
Attorney for Defendant
Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson #1101
Chicago, Il 60604