**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | No. 22 CR 140 |
| KEVIN DIXON, | ) ) ) ) | Judge Virginia M. Kendall |

**<u>OPINION & ORDER</u>**

In April 2024, a federal jury found Kevin Dixon guilty of possessing a machine gun and possessing a weapon while being a convicted felon—convictions that stemmed from a series of events in which Dixon shot an automatic weapon from a car window, engaged in a high-speed chase, crashed into another car, and fled the scene. After a trial in which he testified on his own behalf, Dixon began filing various post-trial motions over the course of a year, culminating in a motion for judgment of acquittal, or in the alternative, for a new trial. This Court denied that Motion in October 2025. (Dkt. 250). Shortly after, Dixon filed the present Motion, offering up a new tranche of arguments in pursuit of the same goal. For the following reasons, the Motion is denied [252].

**LEGAL STANDARD**

While Dixon has labeled his current briefing as "omnibus motion to dismiss the indictment or alternatively for a new trial pursuant to rule 33," it functionally raises a new set of arguments against the decision the Court made this past fall. As a general rule, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not; nonetheless, it is also a general rule that a court should liberally construe the filings of a *pro se*

1

litigant. *See Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir.2006) ("If the judge can see what the pro se litigant is driving at, that is enough."). In this case, because the Court is more-or-less being asked to reconsider a prior decision and because Dixon filed the present motion nine days after this Court's 2025 decision, Dixon's motion will be construed as a motion for reconsideration. *Broaddus v. Shields*, 665 F.3d 846, 860 n. 5 (7th Cir.2011).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). A manifest error is "not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, a manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). The Seventh Circuit describes reconsideration as most pertinent where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Rule 59(e) provides a narrow and extraordinary remedy, with the moving party bearing a heavy burden. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022); *see also Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) ("Relief under Rule 59(e) is an extraordinary remed[y] reserved for the exceptional case.") (internal citation omitted). A motion for reconsideration is not a vehicle for rehashing lost arguments or advancing theories or evidence that should have come out before the Court entered final judgment. *See Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019).

**DISCUSSION**

The vast majority of Dixon's arguments were disposed of in this Court's earlier ruling or were otherwise waived due to lack of development. (*See generally* Dkt. 250). The Court declines to relitigate Dixon's arguments about alleged prosecutorial misconduct and related evidentiary claims, including with regard to his claims about the DNA evidence. To prevail, Dixon "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (*citing LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). None of that happened here. Rather, Dixon attempts to rephase, and in some cases, fully re-utilize, earlier arguments. A manifest error is "not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d at 606. Rather, such an error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015).

Dixon also attempts to argue that this Court did not have jurisdiction over his case because of a deficiency with the indictment. (Dkt. 252 at 1–3). Specifically, he suggests that because the machinegun was modified, its exact original parts cannot be identified, and thus there is no way of knowing the gun traveled in interstate commerce. (*Id.* at 7). This argument does not meet the good cause exception to the requirement that "[c]hallenges to the sufficiency of the indictment must be raised in a motion to dismiss prior to trial [or] else they are waived." *United States v. Corrigan*, 912 F.3d 422, 427 (7th Cir. 2019). There is no good cause where, as the Government points out, Dixon himself agreed to a jury instruction that set forth the elements of § 922(o)(1) without mention of an interstate nexus requirement. (Dkt. 155-1, at 16). It is well-settled law in this circuit that Section 922(o) . . . lacks an interstate commerce nexus element." *United States v. Kenney*, 91 F.3d 884, 887 (7th Cir. 1996). More recent circuits to consider the issue have

maintained that point of view. *See United States v. Morgan*, 150 F.4th 1339, 1351 (10th Cir.), *cert. denied*, 146 S. Ct. 907 (2025) (reversing a first-in-the-nation district court ruling that the federal ban on possessing machine guns was unconstitutional as applied). Even if Dixon had not waived this argument, the Court would not diverge from the clear precedent on this issue.

## I.        Multiplicity Argument

Since Dixon last made his case for a new trial, the Supreme Court released its decision in *Barrett v. United States*. 607 U.S. 128 (2026). There, the Supreme Court analyzed whether two provisions of 18 U.S.C. § 924—that is, § 924(c)(1)(A)(i), which criminalizes using, carrying, or possessing a firearm in connection with a federal crime of violence or drug trafficking crime, and § 924(j), which prescribes different penalties when "a violation of subsection (c)" causes death— could deliver separate convictions for a single act. The Court determined that "Congress intended subsection (j) as an alternative, not a supplement, to subsection (c)(1)(A)(i)." *Barrett*, 607 U.S. at 131. Dixon now contends that the result in *Barrett* implicates his dual convictions and requires that only one may stand. (Dkt. 263 at 1). Dixon's two convictions did not derive from § 924, but instead, § 922: § 922(o)(1) and § 922(g)(1).

As a threshold matter, "arguments raised for the first time in a reply brief are waived." *Williams v. Bd. of Educ. of City of Chi.*, 982 F.3d 495, 507 n.30 (7th Cir. 2020). Nonetheless, given the *pro se* nature of this filing, and the Government's embrace of the opportunity to respond at oral argument, the Court will address the merits of the argument.

The Fifth Amendment of the U.S. Constitution guards against successive prosecutions "for the same offence." U.S. Const. amend. V. The Double Jeopardy Clause extends not only to a second prosecution for the same act after conviction or acquittal, but also to multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). These protections generally only

apply to criminal defendants.[1] The seminal test for when Double Jeopardy protections apply comes from *Blockburger v. United States*, a 1932 case dealing with a multiple-count narcotics conviction that derived from overlapping transactions. 284 U.S. 299 (1932). The Blockburger test looks to the elements of each statutory provision, the dispositive question being not how much do they overlap but to what extent do they differ. Substantial overlap in the required elements is irrelevant to the analysis so long as "each requires proof of a fact that the other does not." *Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1975); *see also Brown*, 432 U.S. at 166. Two different statutes can define the same offense when one is a lesser included offense of the other. *Ball v. United States*, 470 U.S. 856, 861–64 (1985) (concluding that multiple prosecutions were barred because statutes directed at "receipt" and "possession" of a firearm amounted to the "same offense," in that proof of receipt "necessarily" included proof of possession).

A multiplicitous indictment thus can carry with it Double Jeopardy implications. Under that reasoning, the Seventh Circuit found that a single incident of firearm possession could not support multiple convictions under § 922(g) when the defendant is included in more than one class of persons the statute disqualifies from possessing firearms "because the allowable unit of prosecution is the incident of possession, not the defendant's membership in a class (or classes) of persons disqualified from possession." *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007).

The Supreme Court's recent decision in *Barrett* started from the agreed-upon determination that § 924(c)(1)(A)(i) and § 924(j) define the "same offense" because the relationship between subsection (c)(1)(A)(i) and subsection (j) is "the classic relation of the 'lesser included offense' to the greater offense," wherein "the very same conduct" violates two statutes, one which is fully

---

[1] *See Breed v. Jones*, 421 U.S. 519 (1975) (using the Double Jeopardy analysis to block an adult criminal prosecution after an adjudicatory proceeding in juvenile court); *United States v. Halper*, 490 U.S. 435 (1989) (doing the same for a civil penalty deemed sufficiently punitive in nature).

subsumed within the other. *Barrett*, 607 U.S. at 138–40 (cleaned up). The case then came down to the second step of *Blockburger*: whether Congress clearly intended to authorize multiple convictions for one act that violates both provisions. After reviewing the statute's text, structure, and legislative history,[2] the Court answered definitively: no.

Justice Gorsuch wrote separately to opine on what he termed a tension in Double Jeopardy case law, which Dixon's counsel emphasized as relevant to the proceeding in front of this Court. Noting the early nation's tradition of limiting indictments to one felony each, Justice Gorsuch observed that modern prosecutorial practices have teed up a conundrum: In the "successive-prosecution context, two charges amount to the same offense if they fail the *Blockburger* test. But in the concurrent-prosecution context, two charges amount to the same offense only if they fail the *Blockburger* test *and* Congress has not clearly intended punishment under both." *Barrett*, 607 U.S. at 152 (Gorsuch, J., concurring in part). At oral argument, Dixon's counsel urged the Court to consider merging the counts at sentencing to account for this tension in the precedent.

Ultimately, though, Dixon's case does not deal with the question of same-versus-separate proceedings that animate Justice Gorsuch's opinion. Unlike the statutes in *Parker* or *Barrett*, the statutes underlying Dixon's convictions do not fail step one of the *Blockburger* test. Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess any firearm or ammunition." *See also United States v. Gilford*, 2026 WL 636727, at *2 (N.D. Ill. Mar. 6, 2026). Section 922(o)(1) makes it unlawful to transfer or possess a machinegun; it does not matter where or in whose presence a person possesses it. Each required the government to prove one distinct fact the other did not: Count One required the government to show that Dixon possessed not just

---

[2] The part of the Opinion reviewing legislative history received the support of only four Justices.

any firearm but a machine gun, and Count Two required the government to show not just that Dixon possessed a firearm, but that he did so as a convicted felon. And to the extent that *Parker* dealt with disqualified classes, this case only implicates one, with the other statute focusing on the type of firearm. Thus, Dixon's conviction on both counts stands. *Accord United States v. Malachowski*, 415 F. App'x 307, 310 (2d Cir. 2011).

**CONCLUSION**

Dixon has not met the heavy burden of justifying alteration or amendment of the judgment entered in this case. For the reasons set forth above, Dixon's Motion [252] is denied.

Virginia M. Kendall
United States District Judge

Date: May 18, 2026

7